

ENTERED
05/05/2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| BRUCE THOMASSON and | ) | CASE NO. 13-37081-H3-13 |
| KIMBERLY THOMASSON, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from the Stay [And Co-debtor Stay, If Applicable] Regarding Non-exempt Property with Notice of and Request for Variance" (Docket No. 31) filed by Smart Financial Credit Union ("Smart FCU"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered conditioning the automatic stay. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Bruce Thomasson and Kimberly Thomasson ("Debtors")[1] filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 14, 2013.

---

[1] At the hearing on the instant motion, Bruce Thomasson was the only witness. Further references to "Debtor" in this opinion refer to Bruce Thomasson.

In the instant motion, Smart FCU seeks relief from stay with respect to a 2002 Monaco recreational vehicle (the "RV").

Debtor testified at the hearing on the instant motion that he uses the RV to tow a trailer to race tracks for youth racing leagues. He testified that the trailer contains four vehicles, a welding machine, hand tools, cutters, grinders, a portable acetylene torch system, an air compressor, and spare parts for the vehicles.[2] He testified that he requires a vehicle rated to carry the weight of the trailer, in order to allow it to safely stop.

Debtors' Schedule I, filed with the petition, indicated that Debtors had net income of $6,763.69 on the petition date. That income included $750 per month in race car maintenance and repair, and $1,600 per month in automotive side jobs. (Docket No. 1).

Debtor testified that, prior to the filing of the instant case, he operated an automotive repair shop. He testified that he diverted funds that should have been used to pay employment taxes for his employees to make payroll payments to those employees. He testified that he no longer has the automotive repair shop, and no longer has employees.

---

[2] Debtor testified that the race cars are owned by a third party. He testified that the third party pays for his fuel to transport the cars to race tracks. Debtor testified that, although his son does race vehicles, his son is not the driver of the vehicles Debtor maintains.

2

Debtor testified that his income from race car maintenance has increased, since the date of filing of the petition in the instant case. He testified that he received $1,400 in November, 2013, and $1,400 in December, 2013. He testified that he received $1,300 in March, 2014. He testified that January and February are the off season for racing.

Debtor testified that he does some work related to the auto racing at his home shop, and some work at the race tracks. He testified that, when the race cars are at his home shop, he checks to make sure the frame has not been bent, changes the oil, makes adjustments to prepare for the next track, and tightens the nuts and bolts on the car. He testified that, at the race track, he again tightens the nuts and bolts, and also adjusts the race car for track conditions. He testified that he coaches and mentors the race car drivers, and makes repairs in the event of an accident. He testified that he also provides on-site security for the race cars and associated equipment.

Debtor testified that the RV is necessary for his production of the racing income. He testified that he needs the RV in order to tow the race cars to the track, and in order to provide on-site security for the trailer.

Debtor's Chapter 13 plan provides for Debtors to pay $4,050 per month to the Chapter 13 Trustee. The plan provides for disbursements, <u>inter alia</u>, to IRS in the amount of $45,000,

3

to Bank of America in the amount of $7,500 to cure a mortgage arrearage, and $31,147 to Smart FCU on account of its secured claim.  The plan also provides for $30,227.46 to be disbursed to unsecured creditors.  Debtors estimate that this disbursement will be sufficient to pay all unsecured claims in full.

Smart FCU has objected to confirmation of the plan, asserting that the value of the RV is $45,950.  Debtors' schedules indicate a value of $30,000.  Debtor testified that, although the RV has numerous items needing repair, side walls, floor planks, refrigerator, awnings, and tires, he anticipates being able to make most of the repairs himself, as funds become available, in order to keep the RV running and available to tow the race trailer.  The court makes no finding at this time as to the value of the vehicle.

Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice
> and a hearing, the court shall grant relief from the
> stay provided under subsection (a) of this section,
> such as by terminating, annulling, modifying, or
> conditioning such stay--

>    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
>    (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>
>       (A) the debtor does not have an equity in such property; and
>
>       (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

>   Section 362(g) of the Bankruptcy Code provides:
>
>   (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>       (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
>       (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  <u>In re Reitnauer</u>, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); <u>In re Mendoza</u>, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, there is cause for modification of the stay.  The success of Debtor's reorganization depends on Debtor's ability to earn income and make the payments called for under the plan.  The court concludes that the automatic stay should conditioned on Debtor's obtaining confirmation of the

Chapter 13 plan and making the payments called for to the Chapter 13 Trustee under the plan.

Based on the foregoing, a separate Judgment will be entered conditioning the automatic stay.

Signed at Houston, Texas on May 5, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE